IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MIMZI, LLC,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>　　　Defendant. | Civil Action No. 2:23-cv-238<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Mimzi, LLC states for its Complaint against Defendant as follows:

**INTRODUCTION**

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

**PARTIES**

2. Plaintiff Mimzi, LLC is a limited liability company organized and existing under the laws of Alabama.

3. On information and belief, Defendant Samsung Electronics America, Inc. is a corporation organized and existing under the laws of New York with a place of business at 85 Challenger Road, Ridgefield Park, New Jersey, 07660, and with a regular and established place of business at 6625 Excellence Drive, Plano, Texas 75023.

1

4.      On information and belief, Defendant is a wholly owned subsidiary of Samsung Electronics Company, Ltd. and is responsible for domestic sales and distribution of Samsung's consumer electronics products, including the accused products in this case.

## JURISDICTION

5.      This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. § 271 *et seq.*

6.      Defendant is subject to personal jurisdiction in the State of Texas and in this Judicial District.

7.      Defendant is registered to do business in Texas and maintains an agent for service of process in Texas. Defendant maintains a regular and established place of business within the Eastern District of Texas. On information and belief, Defendant employs over one thousand people in this Judicial District.

8.      Moreover, Defendant has authorized retailers that offer and sell accused products on its behalf in this Judicial District.

9.      Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and this District.

10.     Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and within this District.

11.     This Court has personal jurisdiction over Defendant under the provisions of the Texas Long Arm Statute and consistent with Constitutional due process by virtue of the fact that, upon information and belief, Defendant has availed itself of the privilege of conducting and

soliciting business within this State, including engaging in at least some of the infringing activities in this State, such that it would be reasonable for this Court to exercise jurisdiction consistent with principles underlying the U.S. Constitution and without offending traditional notions of fair play and substantial justice.

12. Moreover, on information and belief, Defendant has purposefully and voluntarily placed its products into the stream of commerce with the expectation that they will be purchased and used by customers located in the State of Texas. On information and belief, Defendant's customers in the State of Texas have purchased and used and continue to purchase and use Defendant's products.

13. Venue is proper in this Judicial District and division pursuant to 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this Judicial District and has committed acts of infringement in this District.

### Plaintiff's U.S. Patent No. 11,086,929

14. Plaintiff is the assignee of all right, title and interest in United States Patent No. 11,086,929, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '929 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '929 patent by Defendant.

15. The '929 patent, which issued on August 10, 2021, is entitled, "Photographic Memory." A true and correct copy of the '929 patent is attached hereto as Exhibit A and incorporated herein by reference.

### Plaintiff's U.S. Patent No. 11,100,163

16. Plaintiff is the assignee of all right, title and interest in United States Patent No. 11,100,163, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '163 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '163 patent by Defendant.

17. The '163 patent, which issued on August 24, 2021, is entitled, "Photographic Memory." A true and correct copy of the '163 Patent is attached hereto as Exhibit B and incorporated herein by reference.

### Plaintiff's U.S. Patent No. 11,308,156

18. Plaintiff is the assignee of all right, title and interest in United States Patent No. 11,308,156, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '156 patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '156 patent by Defendant.

19. The '156 patent, which issued on April 19, 2022, is entitled, "Photographic Memory." A true and correct copy of the '156 Patent is attached hereto as Exhibit C and incorporated herein by reference.

### COUNT ONE: INFRINGEMENT OF THE '929 PATENT

20. Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

21. Defendant has in the past and continues to infringe one or more claims of the '929

patent, including at least claim 1, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

22.     A representative example of Defendant's infringing apparatuses, methods, and systems includes (but is not limited to) Defendant's Samsung Galaxy smartphone and tablets utilizing Samsung's SmartThings Find technology. A representative claim chart demonstrating Defendant's infringement of the '929 patent, either literally or under the doctrine of equivalents, is attached as Exhibit D. Defendant's infringing products include, without limitation, other Samsung products providing functionality such as that shown in Exhibit D. Plaintiff incorporates by reference the claim chart of Exhibit D into its allegations in this Complaint.

23.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the claim chart attached as Exhibit D and references cited therein, constitutes actual knowledge of infringement as alleged herein.

24.     Despite such actual knowledge, on information and belief, Defendant continues to sell products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '929 patent. *See* Exhibit D.

25.     **Induced Infringement**. At least since being served with this Complaint and claim chart attached as Exhibit D, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '929 patent, literally or by the doctrine of equivalents, by selling the accused products to its customers and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims

of the '929 patent.

26. Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's direct infringement of the '929 patent.

27. Plaintiff is entitled to: (i) damages adequate to compensate for Defendant's direct infringement of the '929 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; and (iii) costs.

## COUNT TWO: INFRINGEMENT OF THE '163 PATENT

28. Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

29. Defendant has in the past and continues to infringe one or more claims of the '163 patent, including at least claim 1, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented invention into the United States.

30. A representative example of Defendant's infringing apparatuses, methods, and systems includes (but is not limited to) Defendant's Samsung Galaxy smartphone and tablets utilizing Samsung's Bixby virtual assistant. A representative claim chart demonstrating Defendant's infringement of the '163 patent, either literally or under the doctrine of equivalents, is attached as Exhibit E. Defendant's infringing products include, without limitation, other Samsung products providing functionality such as that shown in Exhibit E. Plaintiff incorporates by reference the claim chart of Exhibit E into its allegations in this Complaint.

31. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the claim chart attached as Exhibit F and references cited therein, constitutes

actual knowledge of infringement as alleged herein.

32.     Despite such actual knowledge, on information and belief, Defendant continues to sell products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '163 patent. *See* Exhibit E.

33.     **Induced Infringement**. At least since being served with this Complaint and claim chart attached as Exhibit E, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '163 patent, literally or by the doctrine of equivalents, by selling the accused products to its customers and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '163 patent.

34.     Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's direct infringement of the '163 patent.

35.     Plaintiff is entitled to: (i) damages adequate to compensate for Defendant's direct infringement of the '163 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; and (iii) costs.

## COUNT THREE: INFRINGEMENT OF THE '156 PATENT

36.     Plaintiff realleges and incorporates herein the preceding allegations of this Complaint as if fully set forth herein.

37.     Defendant has in the past and continues to infringe one or more claims of the '156 patent, including at least claim 1, in violation of 35 U.S.C. §§ 271(a) by making, using, offering to sell, or selling the patented invention within the United States or importing the patented

invention into the United States.

38. A representative example of Defendant's infringing apparatuses, methods, and systems includes (but is not limited to) Defendant's Samsung Galaxy smartphone and tablets and Samsung Galaxy SmartTags utilizing Samsung's SmartThings Find technology. A representative claim chart demonstrating Defendant's infringement of the '156 patent, either literally or under the doctrine of equivalents, is attached as Exhibit F. Defendant's infringing products include, without limitation, other Samsung smartphones providing functionality such as that shown in Exhibit F. Plaintiff incorporates by reference the claim chart of Exhibit F into its allegations in this Complaint.

39. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the claim chart attached as Exhibit F and references cited therein, constitutes actual knowledge of infringement as alleged herein.

40. Despite such actual knowledge, on information and belief, Defendant continues to sell products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '156 patent. *See* Exhibit F.

41. **Induced Infringement**. At least since being served with this Complaint and claim chart attached as Exhibit F, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '156 patent, literally or by the doctrine of equivalents, by selling the accused products to its customers and distributing product literature and website materials inducing end users and others to use their products in a manner that infringes one or more claims of the '156 patent.

42. Plaintiff has and continues to suffer damages as a direct and proximate result of Defendant's direct and indirect infringement of the '156 patent.

43. Plaintiff is entitled to: (i) damages adequate to compensate for Defendant's direct infringement of the '156 patent, which amounts to, at a minimum, a reasonable royalty; (ii) attorneys' fees; and (iii) costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief:

a. Declaring that Defendant has infringed the '929 patent, the '163 patent, and the '156 patent;

b. That Defendant be ordered to pay damages adequate to compensate Plaintiff for its infringement of the '929 patent, the '163 patent, and the '156 patent pursuant to 35 U.S.C. § 284;

c. That Defendant be ordered to pay prejudgment interest pursuant to 35 U.S.C. § 284;

d. That Defendant be ordered to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

f. That Defendant be ordered to pay Plaintiff's attorneys' fees pursuant to 35 U.S.C. § 285; and

g. That Plaintiff be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues so triable.

THIS 27th day of May, 2023.

          Respectfully submitted,

          */s/ Cortney S. Alexander*
          Daniel A. Kent
          Telephone: 404.585.4214
          Email: dankent@kentrisley.com
          Cortney S. Alexander
          Telephone: 404-855-3867
          Email: cortneyalexander@kentrisley.com

          KENT & RISLEY LLC
          5755 North Point Parkway
          Suite 57
          Alpharetta, Georgia 30022

          Attorneys for Plaintiff